## W. T. MYERS v. THE STATE.

*No. 968.   Decided March 24th, 1897.*

**1.   Local Option—Evidence of Other Sales to Show System of Business.**

On a trial for violation of local option by an express agent, it was competent for the State to show sales and deliveries of whiskey to other parties, as evidence tending to show a system of doing business in connection with the express business and whiskey traffic.

**2.   Same—Charge.**

On a trial for violation of local option, where the evidence was, that defendant knew of the sale of the whiskey and received the price; but his theory was, that the sale was a legal one consummated in a city and by parties outside the local option district; and the evidence left it uncertain whether the whiskey was delivered by defendant or another party. Held: A charge which authorized a conviction if the jury believed defendant knew the sale and received the price, was liable to confuse and mislead the jury.

3.  Same—Charge .

   On a trial for a violation of local option by an express agent, where his express
books were not introduced in evidence, and there was no evidence showing that said
books contained any reference to the whiskey in question.  Held: It was error for
the court to predicate a charge (see charge copied in the opinion) upon what said
books did or did not contain.  And, Held further, erroneous, in that said charge au-
thorized a finding upon an issue not in the case; assumed that the express books
showed a sale of the liquor as alleged and instructed the jury to find the defendant
guilty if he willfully failed to inform himself of the contents of said books.

   APPEAL from the County Court of Parker.   Tried below before Hon.
J. L. L. McCALL, County Judge.

   Appeal from a violation of local option; penalty, a fine of $25, and
twenty days' imprisonment in the county jail.

   The opinion states the case.

   [No brief for appellant.]

   *Mann Trice*, Assistant Attorney-General, for the State.

   DAVIDSON, JUDGE.—Appellant was convicted of violating the local
option law, and his punishment assessed at a fine of $25, and twenty days'
imprisonment in the county jail; hence this appeal.   The State's testi-
mony showed that local option had gone into effect in Precinct No. 1
in Parker County; that defendant was express agent at Weatherford, in
said precinct; that one Fain Lowry was clerking for him, and one Laff-
erty arranged with the defendant to go into the whiskey business with
him in said precinct, said business being conducted through the express
agency; that they made arrangements with Brann & Co., of Fort Worth,
to ship jugs of liquor in boxes (four to six jugs being in a box) tagged
to fictitious parties at Weatherford.   Said jugs were kept in the express
office, and whenever a purchaser was procured for the jug of whiskey he
was required to procure a money order in favor of Brann & Co., of Fort
Worth, for the price of the whiskey, including expressage and the price
of the money order.   This was turned over to defendant by Lafferty,
to be forwarded by defendant in settlement of his account with Brann
& Co., who allowed defendant ten per cent. on sales of whiskey, and
defendant, Myers, allowed Lafferty one-half of this.   Defendant was
furnished with blank tags, which were kept in the express office, and
when the sale of whiskey was thus made, the fictitious tag was taken
off of the jug, and a tag in the name of the purchaser fastened to it,
and it was then delivered to the purchaser.   The particular whiskey for
the sale of which defendant was prosecuted in this case was to one Bob
Sullivan.   The proof shows that Sullivan lived at Springtown, some
sixteen or eighteen miles from Weatherford, in that precinct; that one
Culwell carried daily mail between Springtown and Weatherford, mak-
ing the round trip each day; that on a certain day said Sullivan gave
Culwell $2.30 or $2.35, at Springtown, and told him to get him a jug
of whiskey; that on the return of Culwell from Weatherford, which was

on that same day, between 5 and 6 o'clock in the evening, he delivered a jug of whiskey to him. Sullivan's testimony shows no order to or in favor of any one for the whiskey. He says $2 was for the whiskey, and 30 cents for the express charges, and 5 cents was for the money order. Culwell testified the same as Sullivan as to the transaction with him, and states further: That when he got to Weatherford he went to the wagon yard, which was about one hundred yards from the express office, and there asked one Lamb to get the whiskey for him. Lamb declined to have anything to do with it, and told him that Lafferty would get it. Lafferty at first said Sullivan did not have any whiskey at the express office, but subsequently stated he believed he did have some. That he took the money, $2.30 or $2.35, and told Culwell to call at the express office and get the whiskey. Culwell called there, and states "that Lowry and Myers were at the express office at the time he called for the whiskey; that one of them handed him the jug of whiskey, and he thought it was Lowry." The defendant's testimony tended to show: That he had no such arrangement with Brann & Co as that insisted on by the State. That said Brann & Co. only shipped whiskey on orders of actual parties sending by express for the same from Weatherford. Sometimes a number of orders were sent at the time, and those were shipped out in boxes, maybe four to six jugs together, each jug tagged to the respective parties who had sent for the same, and the box itself consigned in the name of one of such parties. That he only employed Lafferty to assist in getting up such orders, and to circulate the advertisements of Brann & Co. That Lafferty would give him the names of parties ordering whiskey, and he would send the names so given to Brann & Co. That, if these were the names of fictitious persons, he did not know it. That he instructed Lafferty to send only the names of such parties who had paid for money orders and ordered whiskey. The tags testified about were sent there with some circulars of Brann & Co., and were put on the shelf. That if any tags were taken off of any jugs sent there, and a new tag, with the name of another party, placed on any of said jugs, he had no knowledge of it. That there was no reason he knew of why those tags should be kept there. That Lafferty had ingress and egress to the express office, and would frequently deliver whiskey. As to the particular transaction for which he was prosecuted, he said: "He might have been in the office when the jug was delivered to Culwell. If Lafferty had asked him to deliver it, he would probably have done so, thinking it had been expressed to him. That he was very busy in the office, and a great many jugs of whiskey came through the office daily. They came from different sources, to parties who ordered them," etc. We think it was competent for the State to show sales and deliveries of whiskey to other parties, as evidence tending to show a system of doing business in connection with the express business and whiskey traffic. On the trial the court instructed the jury: "The jury are further instructed that if they believe from the evidence that the defendant sold, or was concerned in the sale of, intoxicating liquors charged in the information, if

any was sold, to the witness, Sullivan, in Precinct No. 1, Parker County, Texas, on or about the date charged in the information, or if you believe from the evidence that the sale of intoxicating liquor charged in the information, if any such sale was made, was made by some other person than the defendant, and the defendant knew of the sale, and received the price of the liquor from such person, then you will find the defendant guilty, and assess the punishment as directed above." Appellant objected to this charge on the ground "that the guilt of the defendant was made thereby to depend on his connection with the sale, whether it was guilty connection or an innocent connection, and the said charge authorizes the jury to find the defendant guilty if he knew of the delivery and received the money, and though he had no knowledge or suspicion that Lafferty had violated the law." The evidence showed, unquestionably, a sale by Lafferty. The State's evidence left it uncertain whether the whiskey was delivered by Myers or Lowry. The charge above quoted, in our opinion, authorized the jury to convict defendant if they believed he knew of the sale and received the price of the liquor. It is not denied that the defendant knew of the sale and received the price. The State's theory was that the sale was illegal, as made in Precinct No. 1 in Parker County; and the defendant's theory was that the sale was a legal one, consummated in Fort Worth by Brann & Co. And the charge above quoted was liable to confuse and mislead the jury. Furthermore, the court instructed the jury as follows: "I further charge you, gentlemen of the jury, that if you believe from the evidence that the defendant, at the time of the alleged sale of intoxicating liquor charged in the information, to have been made, if such sale was made, was in the actual, sole charge, control and management of the express office in Weatherford, and as such had the sole and exclusive control and management of said express office, its books, bills of lading, orders, and all other papers belonging to or connected with said express office and its business; and you further believe that the books or papers belonging or connected with the office showed whether the intoxicating liquor charged in the information in this case as sold to Sullivan was ordered from Fort Worth, and sold and delivered to the said Sullivan or his agents at Fort Worth, and not at Weatherford, at said express office, or showed that the intoxicating liquor charged to have been sold to said Sullivan was not sold and delivered to said Sullivan or his agent at Fort Worth, but at Weatherford, Texas, and the defendant willfully failed to inform himself of what his books or papers in said express office showed; and you further believe that the sale of said intoxicating liquor was, as charged in the information, made to said Sullivan, in Parker County, Texas, in Precinct No. 1, at the date charged—then it makes no difference as to whether the defendant, Myers, knew of the sale at the time it was made, if any sale was made, or did not know of said sale; he would be guilty, and you will so find, and assess the punishment as directed above in this charge." This charge was excepted to by appellant on

. the ground that the same was "a charge upon the weight of the evidence, and also a charge on evidence not in the record. It makes the guilt of the defendant depend upon the condition of his books and papers, which were not in evidence, and upon what his books showed, and whether defendant willfully failed to inform himself of what his books showed, and because the jury are to determine what would constitute a sale at Fort Worth, and what would constitute a sale at Weatherford, without any instruction to enable them to decide, and because the jury are therein charged that then it would make no difference whether defendant knew of the sale or not." These express books spoken of in the charge were not introduced in evidence, and there was no evidence showing that they contained anything with reference to the whiskey in question. The court was not authorized to predicate a charge upon what they did or did not contain. The charge was not only calculated to mislead the jury, but authorized them to base their finding upon an issue not in the case; that is, the contents of said express books, and the assumption by the court that they showed a sale of said liquor at Weatherford, and that, if appellant willfully failed to inform himself of what said books contain they would find him guilty. The issues in this case were very simple, and it occurs to us could have been easily presented to the jury. If Lafferty sold the whiskey, and it was delivered on the same day at Weatherford, and was not ordered from Fort Worth at all, and appellant knew of said sale, then he was guilty. If, however, he did not know that the sale was consummated in such manner, then he would not be guilty. Or if he delivered the whiskey, believing at the time he did so that it had been ordered from Brann & Co., at Fort Worth, and had been forwarded by them to Sullivan at Weatherford, in such event he would not be guilty. The issues in the case were not fairly and clearly presented to the jury by the court in the charge. Some of the special charges asked by appellant and refused by the court, and to which exception was reserved, presented phases of the defense which should have been given. For the error of the court in charging as above stated, the judgment is reversed and the cause remanded.

*Reversed and Remanded.*