### H. C. BENNETT v. THE STATE.

#### No. 1722. Decided April 26, 1899.

**1. Local Option—Special Instructions.**

On a trial for violation of local option, it is not error for the court to refuse a requested instruction to the effect that it was not a violation of the law for the proprietor of a house, etc., to solicit orders for intoxicating liquors; keep said liquors for the owners on ice; mix them with sugar, lemons, etc, and charge for the ice and ingredients, provided the party was not directly or indirectly interested in the sale of said intoxicating liquors. Said instruction is upon the weight of evidence.

**2. Same.**

On a trial for violation of local option, where the issue was whether defendant was the seller of the intoxicating liquors or only the agent of another in the purchase of and taking care of said liquors, the court properly instructed the jury that if defendant was only the agent of another in the purchase he should be acquitted, but if he was the seller of the liquor, he should be convicted.

**3. Same.**

A charge is improper and misleading which culls out only a few statements of a witness to the exclusion of the remainder of his testimony.

APPEAL from the County Court of San Saba. Tried below before Hon. JOHN SEIDERS, County Judge.

Appeal from a conviction for a violation of local option; penalty, a fine of $25 and twenty days imprisonment in the county jail.

No statement necessary.

*Leigh Burleson, Chas. Stevenson,* and *David H. Hewlett,* for appellant.

*Robt. A. John,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant reserved a bill of exceptions to the refusal of the court to give his third special requested instruction, as follows: "It is no violation of the law for a party in a local option district, who is the proprietor of a house or tent, to solicit orders for intoxicating liquors, etc., to keep said liquors for the owners, etc., to place the same on ice, to mix said liquors· with sugar, lemons, or other nonintoxicating ingredients, and to charge for said ice and other nonintoxicating ingredients, provided said party is not directly or indirectly interested in the sale of said intoxicating liquors. He contends this charge "was specially applicable to the facts of this case,

as the witnesses, and especially the prosecuting witness, Fred McCarley, testified as follows: 'I drank whisky at defendant's cold-storage house over the bar. The defendant would sometimes mix the whisky with sugar, lemons, or soda; and I would pay him sometimes five cents, ten, or fifteen cents. I treated other parties at his place, and he mixed the liquor, and I would sometimes pay and sometimes I would not. It was my whisky, out of my jug or bottle, that I got, and I did not pay him for the whisky, but for the lemons, ice, etc.' " We believe the court did not err in refusing this charge. It was upon the weight of the evidence, and, besides, it culls a few statements of the witness McCarley to the exclusion of the remainder of his testimony. It may be true, as a legal proposition, that the owner of a cold storage would not be guilty of selling intoxicating liquors by simply mixing his lemons and sugar with another's whisky; nor would he be guilty of violating the law in selling the sugar and lemons. But the charge is not only upon the weight of the evidence, but it is entirely misleading. The witness testified: That he had gotten defendant to order whisky for him several times, and would pay when he received the goods. That on the 7th of July he ordered one gallon of whisky. Defendant wrote out the order, and the witness signed it. He does not recollect to whom the order was sent. That when the whisky came, he would leave it at defendant's cold storage, and get it as he wanted it. Sometimes he would get it in a bottle, and sometimes he would get a drink. Sometimes he would have the defendant mix him a toddy, and sometimes he would treat two or three parties, defendant furnishing the ice, sugar, and soda. Sometimes he would pay him 5 cents, and sometimes 10 or 15 cents. When he got half a pint, he would pay 25 cents, if he had not paid at the time he made the order. If he got one pint, he would pay 50 cents. Witness understood defendant was charging him 10 cents a quart for storage on whisky and 5 cents a bottle on beer, when kept on ice. He saw other parties drink before the bar at defendant's place of business, but does not know whose liquor they were drinking. The court submitted the law applicable to this feature of the case, in that he instructed the jury, if defendant was the agent of McCarley in purchasing the whiskey, he should be acquitted, but, if it was a sale, he should be convicted. These, as we understand it, were the issues in the case. See Brann v. State (Texas Crim. App.), 39 S. W. Rep., 940. The judgment is affirmed.

*Affirmed.*

[NOTE.—Appellant's motion for rehearing was overruled without a written opinion.—Reporter.]