EARNEST PIPER V. THE STATE.

No. 3636.   Decided May 13, 1908.

**1.—Local Option—Name and Character of Intoxicating Liquors—Information.**

Where upon trial of a violation of the local option law, the information, after alleging that local option was in effect in the county of the prosecution, charged that the defendant did unlawfully sell to the prosecutor intoxicating liquor, in violation of said law, the same was sufficient without alleging the name or character of such intoxicating liquors.

**2.—Same—Charge of Court—Exemption.**

Where upon trial of a violation of the local option law, there was no defense on the ground that the sale of intoxicating liquors was for any of the purposes authorized by law, the court's charge that the sale of intoxicating liquors was prohibited in the county of the prosecution, was tantamount to instructing the jury that it was in effect.

Appeal from the County Court of McCulloch.   Tried below before the Hon. C. A. Wright.

Appeal from a conviction of a violation of the local option law; penalty, a fine of $25 and twenty days confinement in the county jail.

The opinion states the case.

*Walker, Adkins & Walker,* for appellant.—On question of information: Alexander v. State, 29 Texas, 496; State v. Meschac, 30 Texas, 519.

*F. J. McCord,* Assistant Attorney-General, and *Jno. E. Brown,* County Attorney, for the State.

RAMSEY, JUDGE.—The appellant was charged by information in the County Court of McCulloch County with selling intoxicating liquors in said county in violation of the local option law.   He was on trial convicted of the offense charged and his punishment assessed at a fine of $25 and twenty days imprisonment in the county jail.   He has appealed to this court and presents practically two questions only for our consideration.

1. The main question presented and the one that is most strongly urged, is that the information is insufficient in that the name and character of the intoxicating liquors charged to have been sold is not specified and that appellant is entitled to be advised in such information of the kind of liquors for the selling of which he stands charged.   The information, after alleging that local option was in effect in McCulloch County, charges that appellant "did unlawfully sell to Calvin Crawford intoxicating liquor in violation of said law."   The question, as presented is, is this allegation sufficient, or is appellant entitled to be advised and is it required to be stated, the kind, character and name of the liquor with the unlawful sale of which he stands charged?   To

this question we answer, No, and hold the information sufficient. Black on Intoxicating Liquors, section 467, is as follows: "It is a well settled and accepted rule that an indictment for the unlawful sale or keeping of liquors need not specify the particular kind of liquor which it is expected to prove at the trial.◦ That is, if the indictment charges the sale of 'spirituous' or 'intoxicating' liquor, or uses any other general term employed in the statute, it will be sufficient without an additional allegation that the liquor was whisky, rum, gin, wine, beer, etc. The class or species of the liquor sold is not a material ingredient of .the offense, and the defendant is not entitled to more detailed information on this point, if the other allegations of the indictment describe the particular transaction with sufficient certainty to identify it. And in some States, where the statutes prohibit the unlicensed sale of 'spirituous, vinous, or malt liquors,' it is held that the particular kind of liquor alleged to have been sold, whether spirituous, vinous or malt, need not be named in the indictment by either of those terms; it is sufficient to allege that the defendant sold 'intoxicating liquor.'" To support this conclusion the author refers to a great number of cases in many of the States, and the rule stated by him seems to be thoroughly established everywhere.

2. In charging the jury the court instructed them that the sale of intoxicating liquors had been prohibited in McCulloch County, under the laws of this State, since April 21, 1905. The correctness of this charge of the court is challenged in appellant's motion for a new trial and the contention is made that this charge was not the equivalent to charging the jury that the local option law was in effect in said McCulloch County since April 21, 1905. We can not see that this criticism is serious. There was no pretense in the defense that the sale was for any of the purposes authorized or permitted by law, as an exception to the general rule prohibiting the sale of intoxicating liquors. Therefore, as applied to this case, whether the court should in terms charge the jury that the sale of intoxicating liquors was prohibited in McCulloch County or to have charged them that the local option law was in effect in McCulloch County was immaterial and irrelevant. The charge of the court is sufficient. There was no other error assigned that is worthy of special consideration, and the judgment of conviction is affirmed.

*Affirmed.*