BOB MONROE v. THE STATE.

No. 4002. Decided April 14, 1909.

Rehearing Denied June 9, 1909.

**1.—Local Option—Indictment—Constitutional Law.**

Upon a trial for a violation of the local option law where the indictment commenced: In the name and by the authority of the State of Texas, there was no merit in the contention that the use of the word "the" vitiated the indictment.

**2.—Same—Other Offenses—Evidence.**

Where upon trial for a violation of the local option law the State was permitted to introduce testimony as to other sales of whisky in no wise connected with the case upon which defendant was on trial, there was reversible error. Ramsey, Judge, dissents.

Appeal from the County Court of Williamson. Tried below before the Hon. T. J. Lawhon.

Appeal from a conviction of a violation of the local option law; penalty, a fine of 50 and thirty days confinement in the county jail.

The opinion states the case.

*Wilcox & Graves,* for appellant.—On question of indictment: Thompson v. State, 15 Texas Crim. App., 39, and cases cited in the opinion.

*F. J. McCord,* Assistant Attorney-General, and *W. H. Nunn,* county attorney, for the State.—On question of admitting testimony as to other sales: Hollar v. State, 73 S. W., 961; Efird v. State, 44 Texas Crim. Rep., 447; 71 S. W. Rep., 957; Roach v. State, 47 Texas Crim. Rep., 500; 84 S. W. Rep., 586; Walker v. State, 49 Texas Crim. Rep., 345; 94 S. W. Rep., 230; Stovall v. State, 97 S. W. Rep., 92; Killman v. State, 53 Texas Crim. Rep., 570; 112 S. W. Rep., 92; Myers v. State, 52 Texas Crim. Rep., 558; 108 S. W. Rep., 392; Wagner v. State, 53 Texas Crim. Rep., 306; 109 S. W. Rep., 169; Huff v. State, 51 Texas Crim. Rep., 550; 103 S. W. Rep., 629; Childress v. State, 48 Texas Crim. Rep., 617; 90 S. W. Rep., 30.

BROOKS, JUDGE.—Appellant was convicted of violating the local option law, and his punishment assessed at a fine of $50 and thirty days in jail.

Appellant filed a motion to quash the information in this case on the ground, among other things, that the same commences, "In the name and by *the* authority of the State of Texas," and, among other authorities, cites us to the case of Weaver v. State, 76 S. W. Rep., 564, wherein we held that an indictment that omitted the word "the" followed the State Constitution. An examination of said authority will show, however, that we, in further discussing the question, stated that the use of the word "the," as required by the Legislature, does not in anywise alter or change the sense of the expression as used in the Con-

stitution, nor does its omission change the meaning of this beginning clause. We, therefore, held that the failure to use the word "the" before the word "authority" is in accord with the constitutional requirement on the subject, and that the indictment can not be questioned on this account.

Various other criticisms are made for misspelling and bad spelling, but, taking the information as a whole, we think it clearly presents, in a reasonably intelligent and regular form, the proper complaint and information against appellant.

The facts in the case show that appellant was charged with selling one bottle of whisky to Wes Orgain on the 9th day of September, 1905, and after proving said fact by said witness Orgain, bill of exceptions No. 3 shows, the State proceeded, and asked said prosecuting witness the following question: "Have you ever bought any other whisky from the defendant herein, Bob Monroe?" To which appellant objected for the reasons that the transactions now being gone into were other and different transactions from the one for which the defendant was now being tried, and were only purported accusations, as yet still untried cases, wherein this defendant had not yet had a trial; were greatly prejudicial to the cause of defendant, and not admissible to establish any system, as contended by the State. All of which objections being overruled, the witness answered: "I have bought other whisky from Bob Monroe; once some time in last December I went down by Tas Dever's stable, and saw Bob and Rome Monroe, his brother, standing in the door, and I asked Bob to sell me some whisky, and he said to see Rome, that Rome would get me some, and I gave Rome a dollar and they walked off, and in a few minutes Rome came back with a bottle of whisky, and I took it off and drank it, and it was whisky." This evidence was clearly inadmissible. It did not establish system, but the facts in this case, if true, show a plain, open and palpable violation of the local option law of this State, and a straight sale of whisky. This being the case, other and different sales could not possibly throw any light upon this sale. The transaction was at another and different time, and in no way connected with this case. Nor, could it throw any light upon it, did not serve to show system nor intent, nor come within any other rule of this court rendering the same admissible. This being true, it follows that the court erred in admitting this testimony.

We deem it unnecessary to pass upon the other questions raised by appellant, but, for the error pointed out, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

ON REHEARING.

June 9, 1909.

BROOKS, JUDGE.—This case was reversed and remanded on a previous day of this term, and now comes before us on motion for rehearing by the State.

The State insists this court was in error in holding that the trial court erred in admitting, in behalf of the State, the following testimony of the witness Wes Orgain, viz.: "I have bought other whisky from Bob Monroe; once, sometime during last December, I went down to Tas Dever's stable and saw Bob and Rome Monroe standing in the door, and I asked Bob Monroe to sell me some whisky, and he said see Rome, that Rome would get me some, and gave Rome a dollar, and they walked off, and in a few minutes Rome came back with a bottle of whisky, and I took it off and drank it, and it was whisky." The State insists that all of the testimony shows that, in the transaction for which appellant was on trial, the sale was made by the appellant in an indirect and circuitous manner, in an effort to cover up the sale and thus avoid the legal consequences thereof. And the State further contends that the evidence complained of, together with other evidence introduced, shows that, in the transaction for which the appellant was on trial, the sale was made in accordance with a general system or plan, whereby the appellant would not sell direct to the purchaser, but wherein Grant Bailey, Rome Monroe, or others would act as a go-between between the appellant and the purchaser, the appellant taking care always that this go-between should collect the money and deliver the whisky. The State cites us to the cases of Hollar v. State, 73 S. W. Rep., 961; Efird v. State, 44 Texas Crim. Rep., 447; 71 S. W. Rep., 957; Roach v. State, 47 Texas Crim. Rep., 500; 84 S. W. Rep., 586; Walker v. State, 49 Texas Crim. Rep., 345; 94 S. W. Rep., 230, and Stovall v. State, 97 S. W. Rep., 92, to support the contention that the evidence is admissible as showing system. We do not think the facts of this case, however, come within the rule invoked, nor is appellant's contention supported by the authorities cited. Here we have the prosecuting witness saying that he gave money to a certain party, who bought the whisky for him from the appellant. This does not show system at all, nor come within the letter or the spirit of the decisions cited by the State.

The motion for rehearing is therefore overruled.

*Overruled.*

RAMSEY, JUDGE (dissenting).—I am not prepared to agree that the testimony discussed in the opinion was inadmissible. The facts, as I understand them, are not fully stated. I may at some future time take occasion to review the matter.