## CLEVE BARNES V. THE STATE.

No. 3480.    Decided March 24, 1915.

**1.—Occupation—Intoxicating Liquors—Local Option—Evidence—Internal Revenue License.**

Upon trial of unlawfully pursuing the occupation of selling intoxicating liquors in local option territory, it was reversible error to permit the county attorney to testify that the paper he picked up from the floor was an application by the defendant to procure a United States revenue license, and to testify as to the contents thereof without laying the proper predicate of the loss of the paper, etc. Following Haun v. State, 13 Texas Crim. App., 383, and other cases.

**2.—Same—Evidence—Declaration of Third Party.**

Upon trial of pursuing the occupation of selling intoxicating liquors in local option territory, it was error to admit in evidence the declarations of the county attorney to the internal revenue officer that he thought that the officer could sell a liquor license to the defendant.

Appeal from the District Court of Young. Tried below before the Hon. Edgar Scurry.

Appeal from a conviction of pursuing the occupation of selling in-

toxicating liquors in local option territory; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Brooks & Worsham,* for appellant.—Cited Reed v. State, 53 Texas Crim. Rep., 4, 108 S. W. Rep., 368; Oldham v. State, 53 Texas Crim. Rep., 280, 108 S. W. Rep., 667.

*C. C. McDonald,* Assistant Attorney General, for the State.

HARPER, JUDGE.—Appellant was prosecuted and convicted of pursuing the occupation of selling intoxicating liquors in prohibition territory. This is the second appeal in this case, the opinion on the former appeal being found reported in 74 Texas Crim. Rep., 501, 168 S. W. Rep., 858.

As it becomes necessary to reverse the case on account of the matters presented in bill of exceptions No. 5, we do not deem it necessary to discuss the other questions presented. In bill No. 5 it is shown: "The State offered and did prove over defendant's objections by the county attorney, C. F. Marshall, the following facts: That he is the county attorney for Young County. That in December, 1913, a United States revenue agent selling revenue license to retail liquor dealers came into the county attorney's office and held a conversation with the county attorney with reference to the sale of revenue license. That the county attorney told the United States revenue agent that he thought he could sell a license to Cleve Barnes at the Star Restaurant in Graham. Then the revenue agent left the office and was gone some time, and came back and the witness Fay Marshall, the county attorney, asked the revenue agent if he had done any business with the defendant, Cleve Barnes. The agent would not reply, but dropped a paper on the floor and the witness Marshall picked it up and read it. It was an application signed by the defendant, Cleve Barnes, to procure a United States internal license to retail liquor."

It was improper, over the objections made, to permit the county attorney to testify that the paper he picked up was an application to procure a United States internal revenue license. It was a written instrument, and before the contents thereof could be testified to it must be shown that search had been made for the paper in the places where it could be found, and that it was lost or destroyed. It does not appear by this record that any such proof was offered, but the county attorney was permitted to testify to the contents of the written instrument, over the objection "that the application itself is the best evidence of the contents of the document." (Haun v. State, 13 Texas Crim. App., 383; Wyers v. State, 13 Texas Crim. App., 57; Huff v. State, 23 Texas Crim. App., 291.) If appellant had made this application it could have doubtless been found at the office of the internal revenue collector of the district. It is not shown that any search was instituted in that office, nor that the application had been lost or destroyed.

Again, while it is contended that proper objection was not made to· the remainder of the testimony of the county attorney, yet as the case will be reversed, without discussing that question, we will say that what the county attorney told the internal revenue collector would not be admissible over objection timely made. What he is shown by this bill to have said to the collector would clearly convey to the jury it was· the opinion of the county attorney that appellant was engaged in the sale of intoxicating liquors in a prohibition county, and it was improper to permit him to testify that he "told the internal revenue collector that he thought he could sell a liquor license to Cleve Barnes (appellant). No part of his conversation with the collector would be admissible, the appellant not being present.

The issue to be tried in this case was, whether or not appellant was engaged in the business of selling intoxicating liquors, and this illegal testimony bearing directly on that issue, it requires a reversal of the. case.

The judgment is reversed and the cause remanded.

*Reversed and remanded..*