CLEVE BARNES v. THE STATE.

No. 3997. Decided March 22, 1916.

Rehearing denied April 12, 1916.

**1.—Occupation—Intoxicating Liquors—Plea of Former Jeopardy.**

Where defendant was indicted and convicted for pursuing the business of. selling intoxicating liquors in prohibition territory, and at the same term of court was indicted for making single sales to the various parties alleged in the indictment for pursuing the occupation of selling intoxicating liquors, and it appeared from the record on appeal that defendant had been convicted of making these single sales, and all the records on appeal from these various convictions are before this court, and two of these cases involving single sales are reversed on the ground of want of jurisdiction, and one of these cases is affirmed, and the sole question left in the instant case is whether the facts upon which defendant was convicted for violating the local option law in making a single sale to the parties alleged in the indictment are admissible. Held, that the offense of making a single sale of intoxicating liquors in local option territory is a separate and distinct offense from that of pursuing the business of selling intoxicating liquors in prohibition territory, and that, therefore, the testimony as to single sales was admissible in evidence to show that defendant was pursuing the occupation of selling intoxicating liquors. Following Robinson v. State, 66 Texas Crim. Rep., 392, and other cases.

**2.—Same—Former Jeopardy—Rule Stated—Practice on Appeal—Jurisdiction.**

If former conviction was in a court without jurisdiction it can not form the basis for a legal plea of former jeopardy, and as the plea filed copies of those indictments, and they show that under the allegation there was no jurisdiction in the county court, these cases pass out of the instant case. Following Head v. State, 64 Texas Crim. Rep., 112, and other cases.

**3.—Same—Rule Stated—Former Jeopardy—Practice on Appeal.**

Even in a case where the plea of former jeopardy was improperly overruled, and both cases are before this court on appeal, the court could consider both, records and affirm one and reverse the other case. Following Alexander v. State, 53 Texas Crim. Rep., 504, and other cases.

**4.—Same—Separate and Distinct Offenses—Rule Stated.**

The distinction has been drawn in the decisions in this court, as is recognized by the statutes, that there is a wide distinction between the sale of intoxicating liquors in prohibition territory and the following of an occupation or pursuing

the business of selling such liquors. Following Thomas v. State, 66 Texas Crim.
Rep., 374, 147 S. W. Rep., 262, and other cases.

**5.—Same—Former Jeopardy—Rule Stated.**

While defendant can not be twice tried and convicted of the same overt act,
yet where he is tried for pursuing the occupation of selling intoxicating liquors
in prohibition territory, it is no defense that he has been convicted of sell-
ing such liquors in such territory to a single party named in the indictment
for which he is being tried for pursuing the occupation of selling intoxicating
liquors in prohibition territory, and while one sale of such liquors is not sufficient
to sustain the conviction, testimony of such single sales is admissible in evidence
together with other facts showing that defendant was following the occupation
of selling such liquors in such territory, as the two offenses are distinct and
separate. Following Mizzell v. State, 59 Texas Crim. Rep., 226, and other cases.

**6.—Same—Charge of Court—Occupation—Business—Offense Defined.**

Where, upon trial of pursuing the occupation, etc., of selling intoxicating
liquors in prohibition territory, the evidence sustained the conviction under
a proper charge of the court defining the meaning of engaging in the occupation
or business of selling intoxicating liquors as applicable to the facts in the case,
there was no reversible error. Following Stanford v. State, 16 Texas Crim. App.,
331, and other cases.

Appeal from the District Court of Young. Tried below before the
Hon. J. W. Akin.

Appeal from a conviction of pursuing the occupation of selling in-
toxicating liquors in local option territory; penalty, two years imprison-
ment in the penitentiary.

The opinion states the case.

*Brooks & Worsham,* for appellant.—On question of former jeopardy:
Landrum v. State, 40 S. W. Rep., 737; Simco v. State, 9 Texas Crim.
App., 338; Murrey v. State, 56 Texas Crim. Rep., 438, 120 S. W. Rep.,
437; Shoemaker v. State, 58 Texas Crim. Rep., 518, 126 S. W. Rep.,
887; Kellett v. State, 51 Texas Crim. Rep., 641, 103 S. W. Rep., 882.

*C. C. McDonald,* Assistant Attorney General, for the State.—On ques-
tion of former conviction: Robinson v. State, 66 Texas Crim. Rep.,
392, 147 S. W. Rep., 245; Hightower v. State, 73 Texas Crim. Rep.,
258, 165 S. W. Rep., 184; Dupree v. State, 56 Texas Crim. Rep., 562.

HARPER, JUDGE.—Appellant was convicted of pursuing the business
of selling intoxicating liquors in prohibition territory, and his punish-
ment assessed at two years confinement in the State penitentiary.

This is the third appeal in this case, the opinions on the former appeals
being reported in 74 Texas Crim. Rep., 501, 168 S. W. Rep., 858, and
76 Texas Crim. Rep., 365, 174 S. W. Rep., 1051.

While there are four bills of exception in the record, they all relate
to one question, and present but one proposition of law. The indict-
ment in this case charges appellant with pursuing the occupation of
selling intoxicating liquors in proper language, and then alleges that
while pursuing such business "the said Cleve Barnes did then and there

on or about the said date, towit: the 30th day of December, 1913, make one sale of intoxicating liquor to one Gran Glenn, and that on or about the 19th day of December, A. D. 1913, the said Cleve Barnes in said county and State aforesaid, did then and there make a sale of intoxicating liquor to the said Gran Glenn, and did thereafter make another sale of intoxicating liquor to the said Gran Glenn in said county and State on or about the 29th day of December, 1913, that as aforesaid, the said Cleve Barnes made three distinct sales of intoxicating liquor to said Gran Glenn, in said county and State. That the said Cleve Barnes did then and there, in Young County, Texas, on or about the 30th day of December, 1913, make one sale of intoxicating liquor to one Seth Mabry, and did, on or about the 31st day of December, 1913, in said county and State, make another sale of intoxicating liquor to the said Seth Mabry, and that on various other dates during the months of December, November and October of the year 1913, the said Cleve Barnes did then and there make various and divers other sales of intoxicating liquor to the said Seth Mabry, and that the said Cleve Barnes did then and there, in the county and State aforesaid, and on or about the aforesaid mentioned dates make as many as fifteen sales of intoxicating liquor to the said Seth Mabry. That the said Cleve Barnes did then and there, in said county and State, on or about the 25th day of December, 1913, make a sale of intoxicating liquor to one O. W. McBrayer, and that thereafter, on or about the 1st day of January, 1914, the said Cleve Barnes, in said county and State aforesaid, did then and there make another sale of intoxicating liquor to the said O. W. McBrayer. That the said Cleve Barnes did then and there, on or about the 23rd day of December, 1913, in the county and State aforesaid, make one sale of intoxicating liquor to one Frank Gallaher. That the said Cleve Barnes, in said county and State aforesaid, on or about the 15th day of October, 1913, did then and there make one sale of intoxicating liquor to N. A. Copeland; that the said Cleve Barnes, in said county and State aforesaid, did then and there, during the month of November, A. D. 1913, make various and divers sales of intoxicating liquor to the said N. A. Copeland, and did then and there on the various mentioned dates aforesaid, in said county and State, make as many as ten distinct sales of intoxicating liquor to the said N. A. Copeland. That on or about the 14th day of February, 1914, in the county and State aforesaid, the said Cleve Barnes, did then and there make one sale of intoxicating liquor to E. P. Stovall. That on or about the 14th day of February, A. D. 1914, in the County of Young and State of Texas, the said Cleve Barnes did then and there make two sales of intoxicating liquor to one Harvey Taylor. That the said Cleve Barnes, in the County of Young and State of Texas, and during the months of January and February, A. D. 1914, and during the months of October, November and December, A. D. 1913, and anterior to the presentment of this indictment, and within three years next prior to the filing of this indictment, make many and divers sales of intoxi-

cating liquor to divers persons, whose names to the grand jury are unknown," etc.

At the same term of court the grand jury also returned indictments against appellant for making single sales to Gran Glenn and to Seth Mabry, and the county attorney later filed an information and complaint charging that appellant had made a single sale to Harvey Taylor. By the plea on file, and the bills, it is shown that appellant had been tried in the county on those indictments and information, and convicted of making single sales of intoxicating liquor to Gran Glenn, Seth Mabry and Harvey Taylor, from which judgments of conviction appellant' prosecuted an appeal to this court.    Later when this case was called for trial in the District Court appellant entered a plea asking a continuance of this case until those cases were heard and passed on by this court, contending that if those judgments were affirmed it would be a bar to introducing evidence of sales to said Gran Glenn, Seth Mabry and Harvey Taylor upon which those prosecutions were based in support of the prosecution of appellant for pursuing the occupation. This plea was overruled, and evidence of all sales made to Gran Glenn, Seth Mabry and Harvey Taylor was admitted in evidence on this prosecution, as well as proof of sales to E. P. Stovall, Frank Gallaher and Henry Wilson.    As hereinbefore stated, he was convicted in this cause, and on the day of submission of this cause, there was also submitted the three cases in which he had been convicted in the County Court. So we have all the records before us.

The cases in which appellant was charged and convicted of making single sales to Gran Glenn and Seth Mabry will be this day reversed and remanded for reasons stated in those opinions, but the case from the County Court in which he was charged with making a single sale to Harvey Taylor will be affirmed, as shown by the opinion in that case this day handed down.    As to the cases of single sales to Gran Glenn and Seth Mabry, they of necessity pass out of this case, as they are reversed on the ground that on the face of the indictments the County Court had no jurisdiction and the judgments are void.    In the cases of Ogle v. State, 43 Texas Crim. Rep., 219; McLain v. State, 31 Texas Crim. Rep., 558; Leach v. State, 36 Texas Crim. Rep., 248; McNeil v. State, 29 Texas Crim. App., 48; Gibson v. State, 47 Texas Crim. Rep., 489, it was held if former conviction was in a court without jurisdiction it can not form the basis for a legal plea of former jeopardy, and as the plea filed copies those indictments, and they show that under the allegations there was no jurisdiction in the County Court. (Head v. State, 64 Texas Crim. Rep., 112.)

In the cases of Alexander v. State, 53 Texas Crim. Rep., 504 and 555, and Piper v. State, 53 Texas Crim. Rep., 485 and 550, it was held that even in a case where the plea of former jeopardy was improperly overruled, and both cases were before this court on appeal, the court would consider both records, and affirm one and reverse the other.

So the sole question left in this case is, does the fact that appellant was convicted in the County Court for violating the local option law

in making a sale to Harvey Taylor render the testimony of Harvey Taylor inadmissible when appellant was being tried, not for violating the local option law by making sales of liquor, but for pursuing the business of selling intoxicating liquor in prohibition territory? They are separate and distinct offenses as defined by our Code (arts. 589 and 597, P. C.; Mizzell v. State, 59 Texas Crim. Rep., 226; Oliver v. State, 68 Texas Crim. Rep., 414, 152 S. W. Rep., 1066; Byrd v. State, 69 Texas Crim. Rep., 35, 151 S. W. Rep., 1068). In the case of Thomas v. State, 66 Texas Crim. Rep., 374, 147 S. W. Rep., 262, this court held, speaking through Judge Davidson, "The distinction has been drawn .in the decisions of this court, as is recognized by the statute, that there is a wide distinction between the sale of intoxicating liquors in prohibited territory and the following of the occupation or pursuing the business of selling such liquors. In the Fitch case it is said: 'It is not debatable that the business is not the same.' "

We agree with appellant, as contended in his brief, under the Constitution and laws of this State a man (1) "Can not be twice tried and convicted of the same overt act"; (2) "If the prosecution is based on the same act upon which the defendant has been convicted, motion to postpone until that case is finally disposed of on appeal should be granted"; and (3) "Autrefois acquit is available if transaction is the same and the *two indictments must be sustained by the same proof.*" Agreeing with appellant on these propositions of law, we see no necessity to cite the authorities he quotes nor to discuss them; it is their applicability to the facts in this case we do not agree to.

Suppose when appellant was being tried in the County Court the State had offered to prove that in addition to making a sale to Harvey Taylor, he had also bought from Gran Glenn whisky on three separate and distinct occasions as testified to by Glenn on this trial; and had offered to prove by E. P. Stovall that he had bought whisky from appellant; by Frank Gallaher that he bought whisky from him; by Henry Wilson that he had bought whisky from him, and by Seth Mabry that on twelve or fifteen different occasions he bought "some stuff from appellant drawn out of a cider barrel that smelled and tasted like it had whisky in it, paying him twenty cents a drink for it," the testimony would not have been admissible, and if the court had admitted it, it would have resulted in a reversal of the case. (Baughman v. State, 49 Texas Crim. Rep., 33; Monroe v. State, 56 Texas Crim. Rep., 444; Belt v. State, 47 Texas Crim. Rep., 82; Walker v. State, 44 Texas Crim. Rep., 546; Curtis v. State, 52 Texas Crim. Rep., 606.)

On the trial of this case, if the State had called Harvey Taylor and proved only a single sale to him, and a sale to no other person or persons, and no other circumstance, the conviction could not stand. Floyd v. State, 66 Texas Crim. Rep., 407, 147 S. W. Rep., 264; Thompson v. State, 57 Texas Crim. Rep., 408; Thomas v. State, 66 Texas Crim. Rep., 374, 147 S. W. Rep., 262; Robinson v. State, 66 Texas

Crim. Rep., 392, 147 S. W. Rep., 245; Whitehead v. State, 66 Texas Crim. Rep., 482, 147 S. W. Rep., 583.

This makes it manifest that the two indictments could not be and would not be sustained by the same proof. In one instance it takes only one transaction; in the other there must be two or more transactions, and other facts and circumstances showing an engaging in a business or occupation, for it is engaging in the occupation that he is on trial. So the authorities cited under appellant's third proposition have no application to a case of this character. The court instructed the jury in this case:

"If you believe from the evidence that the defendant made the separate and distinct sales of intoxicating liquor as testified to by the witnesses, nevertheless you can not convict him unless you further believe that he engaged in or pursued the business or occupation of selling intoxicating liquors, as those terms have been heretofore defined; and if you have a reasonable doubt as to this, you will acquit the defendant."

He then defines "occupation" or "business": "By the terms 'occupation' and 'business' as used in this charge and in the indictment herein is meant a vocation, calling, trade or business in which one engages to procure a living or to obtain wealth. It need not be a person's only occupation or business, nor his principal business; but it is sufficient if it be shown that it was one of the pursuits by which a person endeavors to make money or procure a living."

In the County Court appellant was convicted of one overt act—making a sale. He could not be convicted on such proof in this case, and his first proposition has no application, and the first and third not applying to a state of facts like this, of course the second would have no application.

Article 589, under which this prosecution was had reads: "If any person shall engage in or pursue the occupation or business of selling intoxicating liquors, in any territory in which the sale of intoxicating liquors has been or shall be prohibited, he shall be punished by confinement in the penitentiary not less than two nor more than five years." This is all of the article of the statute defining the offense of pursuing the business, and is the offense for which the punishment is prescribed,— he is punished for pursuing a given occupation or business. As said by this court in Stanford v. State, 16 Texas Crim. App., 331, in discussing the occupation tax laws: "It is not the sale of liquor that constitutes the offense. It is the *engaging in the business of selling.* It does not require even a single sale to constitute the offense, for a person may *engage in the business* without succeeding in it even to the extent of one sale." See also Williams v. State, 23 Texas Crim. App., 499; McReynolds v. State, 26 Texas Crim. App., 372; Love v. State, 31 Texas Crim. Rep., 469.

A question may be then asked, why is it that at least two sales must be proved, in addition to proving one had engaged in the business, before a conviction would be authorized under this provision of the Code? The Legislature, knowing the above rule of law, provided in

article 591, "it shall be necessary for the State to prove in all prosecutions that the defendant made at least two sales of intoxicating liquors within three years,"—adding to the quantum of proof theretofore required to prove that one was engaged in a given occupation. But the sale is not the offense denounced nor punished in article 589. A person might in three years make a number of isolated sales, and he would not be guilty of violating this provision of the Code. For such acts, if prosecuted at all, prosecutions would only lie under article 597, and under this article no person can be prosecuted or convicted for pursuing the occupation.

Appellant is not punished under this indictment for making any sale, but for pursuing a given occupation or business, and he could not be punished for making a sale or sales, unless he was pursuing the business. Under the indictment in the County Court he could not be punished for pursuing the occupation or business, but could·only be punished for making a single sale. This question was so thoroughly discussed in Robinson v. State, 66 Texas Crim. Rep., 392, 147 S. W. Rep., 245, citing the authorities, we do not deem it necessary to further discuss it.

The judgment is affirmed.

*Affirmed.*

DAVIDSON, JUDGE, absent.

·[Rehearing denied April 12, 1916.—Reporter.]