C. H. MOORE v. THE STATE.

No. 7548. Decided April 11, 1923.

Motion for rehearing denied June 13, 1923.

1.—Sale of Intoxicating Liquor—Evidence.—Other Transactions.

Where, upon trial of selling intoxicating liquor, another count in the indictment charged unlawful possession of such liquor for the purpose of sale, this method of pleading was authorized, and there was no error in admitting evidence showing the finding of a gallon bottle of whisky at the back and under the edge of the house occupied by party who was the principal in the transaction.

2.—Same—Evidence—Possession—Sale—Intent—System—Other Offenses.

The evidence receivable under an indictment charging the possession of liquor for the purpose of sale is not different from that which under the previous law was receivable under the charge of pursuing the business of selling intoxicating liquor. Under the present law it is necessary to prove not only the possession but the intent with which it is possessed, and this in a proper case may be proved by the system pursued. Following Myers v. State, 37 Texas Crim. Rep., 333, and other cases, and therefore testimony of other transactions is admissible in evidence.

3.—Same—Sufficiency of the Evidence.

Where, upon trial of selling intoxicating liquors, the evidence supported the conviction there is no reversible error.

4.—Same—Rehearing—Election by State.

Where the indictment charged two counts, one for selling and one for possessing intoxicating liquor, and the court's charge submitted the charge for selling liquor, which was supported by the evidence, the offenses charged in the two counts being kindred and dependent to some extent on the same testimony, the State was not required to elect, and there is no reversible error.

Appeal from the Criminal District Court of Dallas. Tried below before the Honorable C. A. Pippen.

Appeal from a conviction of selling intoxicating liquor; penalty, one year imprisonment in the penitentiary.

The opinion states the case.

*Ballowe & King* for appellant.—On the question of other offenses, Caldwell v. State, 115 S. W. Rep., 597; Barnett v. State, 99 id., 556; Williams v. State, 41 id., 645.

*R. G. Storey,* Assistant Attorney General, for the State.

MORROW, PRESIDING JUDGE.—The conviction is for the unlawful sale of intoxicating liquor; punishment fixed at confinement in the penitentiary for one year.

The indictment embraces two counts: one for the unlawful possession of intoxicating liquor for the purpose of sale; the other for the unlawful sale of intoxicating liquor.

There was found by the witness Gardner in a room adjoining the barber shop belonging to one Peanut Jones a gallon bottle nearly full of whisky. This, it seems, was in the latter part of June. According to the State's testimony, appellant spent a great deal of his time in and about the barber shop and was there on the day on which the whisky was found. During the same day, Gardner through a peep-hole in another building, observed the appellant place two bottles of whisky at the back of and under the edge of the house occupied by Jones, and later upon the same day, he saw Jones deposit at the same place a sack containing a bottle or bottles, the contents of which the witness could not observe. Shortly following both of these transactions, men came and removed the packages.

Blaylock, the purchaser named in the indictment, testified that he had arranged with the appellant to sell him a pint of whisky; that he paid the price agreed upon and obtained the whisky in a little alcove behind the barber shop; that the whisky was deposited in the same manner as that described above.

Some time later and before the indictment was found, the witness Gardner took from the possession of the appellant, a pint bottle of whisky as he was leaving the barber shop.

Neely, another witness, testified that on several occasions he had bought whisky from the appellant by the drink, which had been furnished him at the barber shop; that arrangements were made in the barber shop for drinking whisky, following which was water to be used for a "chaser."

Appellant denied all of the transactions mentioned except the possession of the pint of whisky described by the witness Gardner. He also introduced a witness who testified that he had been about the barber shop mentioned but had never seen the appellant have or sell any whisky.

Objection was made to all the transactions mentioned save that in which Blaylock testified to purchasing the whisky. There sems to have been no motion made to require the State to elect as between the counts, but the court, in charging the jury, submitted but one of the counts, namely, that charging the unlawful sale, and withdrew from the consideration of the jury all of the testimony complained of.

In appropriate bills of exceptions complaint is made of the receipt in evidence of the other transactions. The natures of the offenses of possession of intoxicating liquor for the purpose of sale and the unlawful sale of intoxicating liquor are such as to warrant embracing the two in separate counts in one indictment. See Coulter v. State, No. 7499, and Whitten v. State, No. 7455, not yet reported.

The evidence showing the finding by the witness Gardner of the

gallon bottle of whisky mentioned is attacked upon the additional ground that there is no evidence showing appellant's connection with it. The admission of this evidence finds support in the application of the law of principal offenders. The circumstances are such as suggest that the appellant and Jones were acting together in the possession and sale of intoxicating liquor and that the gallon bottle of whisky was a party of the joint stock in trade. Jones conducted the barber shop, and according to the State's evidence, it was appellant's abiding place and from which he conducted his operations. It was there that he delivered the whisky to Blylock and to Neely; it was there that the bottles of whisky were deposited by him and by Jones under the house and removed by unknown purchasers.

The evidence receivable under an indictment charging the possession of liquor for the purpose of sale is not different from that which, under the previous law, was receivable under the charge of pursuing the business of selling intoxicating liquor. To prove the present offense of possession of liquor for the purpose of sale, it is necessary to prove not only the possession but the intent with which it is possessed. This in a proper case may be proved by the system pursued. Myers v. State, 37 Texas Crim. Rep. 333, and other cases cited by Mr. Branch in his Ann. Tex. Penal Code, Sec. 1244. As in the instant case, the system was that of depositing the liquor under the house so that it may be obtained by the purchasers. See Young v. State, 66 S. W. Rep. 562; Fitzie v. State, 85 S. W. Rep. 1156; Holland v. State, 51 Texas Crim. Rep. 142; Carnes v. State, 51 Texas Crim. Rep. 437; Columbo v. State, 65 Texas Crim. Rep., 608, 145 S. W. Rep. 913; Stovall v. State, 97 Texas Crim. Rep. 93. If there had been but one count in the indictment, namely, that charging the sale, the contention of the appellant that the other transactions were not properly received would have been far more plausible. Grimes v. State, 44 Texas Crim. Rep. 542; Curtis v. State, 52 Texas Crim. Rep. 606; Monroe v. State, 56 Texas Crim. Rep. 445; Gaines v. State, 63 Texas Crim. Rep. 73; Branch's Ann. Tex. Penal Code, p. 709.

The evidence complained of, however, was admissible under the count in the indictment charging possession for the purpose of sale. According to the qualification of the bills, it was received under that count in the indictment and was withdrawn from the consideration of the jury when that count was abandoned. There are many precedents supporting this practice cited in Branch's Ann. Tex. Penal Code, Sec. 444, p. 233. The conviction for the sale is supported by the testimony of Blaylock who declared categorically that he bought whisky from the appellant. His testimony was controverted. The verdict settles the controversy against the appellant and assessed the lowest penalty, thereby indicating that the jury was not prejudiced against the appellant by reason of the proof of the other transactions.

We find nothing in the record which authorizes a reversal of the judgment. It is therefore affirmed.

*Affirmed.*

ON REHEARING.

June 13, 1923.

LATTIMORE, JUDGE.—There is a request for an opinion on motion for rehearing. The request is granted.

The indictment herein contained two counts, the first count charging possession for purposes of sale of intoxicating liquor, and the second count charging the sale of such liquor to Willis Blaylock. The trial court submitted only the second count and instructed the jury that they should not consider any of the evidence introduced by the State except that affecting the alleged sale of liquor to Blaylock. The court having submitted in his charge only the count for the sale of liquor, and the jury having found appellant guilty of this offense, the judgment and sentence followed. Willis Blaylock testified that in the latter part of May 1922 he bought from appellant a pint of whisky for which he paid him $2.50. This made out the case as charged in the second count and submitted by the court to the jury. The offenses charged in the two counts being kindred and dependent to some extent on the same testimony, the State was not required to elect. Having seen fit to elect in the submission to the jury of only one count, it was proper for the court to instruct the jury not to consider evidence before them apparently offered in support of the first count. The evidence amply supports the verdict and judgment of guilty of selling intoxicating liquor. Appellant's complaint seems directed principally at matters admitted in evidence in support of the other count. It is not necessary to discuss them. The jury were instructed not to consider such matters.

The motion for rehearing will be overruled.

*Overruled.*