### ABRAHAM CHAPA V. THE STATE.

#### No. 816.   Decided November 23, 1910.

**Carrying on Occupation of Selling Intoxicating Liquors in Local Option Territory—Indictment.**

Where, upon trial of carrying on the occupation of selling intoxicating liquors in local option territory, the indictment failed to allege the name or names of any person to whom the intoxicants were sold, or that they were sold, the same was insufficient.   Following Fitch v. State, 58 Texas Crim. Rep., 366.

Appeal from the District Court of Duval.   Tried below before the Hon. W. B. Hopkins.

Appeal from a conviction of unlawfully carrying on the occupation of selling intoxicating liquors in local option territory; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*F. Lotto,* for appellant.—Cited cases in opinion.

*John A. Mobley,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—The charging part of the indictment, after reciting the fact that there had been a local option election held on the 8th of June, 1907, in justice precinct No. 2 in Duval County, which resulted favorably to that law, in the following language, undertakes to charge an offense against appellant for carrying on the business of selling intoxicating liquors in said territory: Appellant ".   .   .   on or about the 1st day of January, A. D. 1910, in said Justice Precinct Number Two of Duval County, Texas, did unlawfully engage in and pursue the occupation and business of selling intoxicating liquors against the peace and dignity of the State."

Motion to quash the indictment was presented as well as motion in arrest of judgment, on the ground that the indictment failed to charge appellant with the offense sought to be charged as required by law, both of which motions were overruled by the court.   Under the authority of the Fitch case this judgment will be reversed and the prosecution dismissed.   The indictment totally fails to charge the offense under the Act of the Legislature prohibiting the business of selling intoxicating liquors to be carried on in local option territory.   It does not undertake to name any person to whom the intoxicants were sold or that any intoxicants were sold.   The allegation that appellant did engage in and pursue the occupation and business of selling intoxicating liquors is not sufficient.   Fitch v. State, 58 Texas Crim. Rep., 366, 127 S. W. Rep., 1046.

The judgment is reversed and the prosecution is dismissed.

*Dismissed.*