## Arthur Thomas v. State.

### No. 1753. Decided May 1, 1912.

**1.—Occupation—Selling Intoxicating Liquors—Local Option—Charge of Court.**

Where, upon trial of pursuing the business and occupation of selling intoxicating liquors in local option territory, the charge of the court made defendant's guilt depend upon the fact that two sales would constitute pursuing the business of selling intoxicating liquors in local option territory, the same was reversible error. Following Fitch v. State, 58 Texas Crim. Rep., 366, and other cases.

**2.—Same—Charge of Court—Accomplice.**

Where a State's witness was indicted for making one of the sales for which defendant was also indicted in a prosecution for following the occupation of selling intoxicating liquors in local option territory, the failure of the court to submit a charge on accomplice testimony was reversible error. Following Irvin v. State, 1 Texas Crim. App., 301, and other cases.

**3.—Same—Requested Charge—Pursuing Occupation.**

Where, upon trial of pursuing the occupation of selling intoxicating liquors in local option territory, the court failed to instruct the jury that the defendant must have pursued the occupation of selling such liquors, etc., .and the defendant submitted a proper charge thereon, it was reversible error to refuse the same.

**4.—Same—Charge of Court—Principals.**

Where defendant was prosecuted for following the occupation of selling intoxicating liquors in local option territory, and the evidence was such that he might have been principal in the sale of whisky by his codefendant, but also showed a state of facts which would not render him guilty as principal, and the ·court did not draw the proper distinction in his charge and did not submit the converse proposition, the same was reversible error.

**5.—Same—Insufficiency of the Evidence—Sporadic Sales.**

Where, upon trial of following the occupation of selling intoxicating liquors in local option territory, there was no evidence that the defendant pursued the occupation or business of selling intoxicating liquors in local option territory, or that he had even an interest in the sporadic sales of such liquor, the conviction could not be sustained.

Appeal from the District Court of Cass. Tried below before the Hon. P. A. Turner.

Appeal from a conviction of pursuing the occupation of selling intoxicating liquors in local option territory; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*O'Neal & Figures,* for appellant.—On question of the court's failure to charge on accomplice testimony: Irvin v. State, 1 Texas Crim. App., 301, ·and cases cited in opinion.

On question of court's charge in not requiring pursuing of occupation: Fitch v. State, 58 Texas Crim. Rep., 366, 127 S. W. Rep., 1040, and cases cited in opinion.

*C. E. Lane,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted under the statute prohibiting following the business or pursuing the occupation of selling intoxicants in local option territory except as permitted by law.

The same statute in addition to requiring the party to follow the business or pursue the occupation, requires that there shall be at least two sales made, therefore, two propositions must necessarily occur before a party can be convicted for a violation of said statute. It is first required that he must pursue the business or follow the occupation, and, second, that he must make sales amounting to not less than two. If these two propositions do not concur, then the statute has not been violated.

1. The court charged the jury: "In order to constitute pursuing the business of selling intoxicating liquors within the meaning of the law, it shall be necessary for the State to prove in all prosecutions under said law, that the defendant made at least two sales of intoxicating liquor within three years next preceding the filing of the indictment." Error is assigned here as it was in the court below upon this charge. The distinction has been drawn in the decisions by this court as is recognized by the statute that there is a wide distinction between the sale of intoxicating liquors in prohibited territory and the following of the occupation or pursuing the business of selling such liquors. In Fitch v. State, 58 Texas Crim. Rep., 366, it is said, "It is not debatable that business is not the same as a sale." The court, however, in this case seems to make the criterion simply two sales as synonymous with pursuing the business or following the occupation of selling intoxicants. This is not the law by terms of the Act of the Legislature. See also Mizell v. State, 59 Texas Crim. Rep., 226, 128 S. W. Rep., 125; Clark v. State, 61 Texas Crim. Rep., 597, 136 S. W. Rep., 260. The Fitch case is reported in 58 Texas Crim. Rep., 366, 127 S. W. Rep., 1040. The charge in this case makes the criterion of appellant's guilt depend upon the fact that two sales would constitute pursuing the business. This is not correct. The statute requires that he must pursue the business or follow the occupation of selling intoxicants, and in addition to that must make the necessary sales.

2. It is also contended that the court erred in not charging the jury the law in regard to accomplice testimony. The witness Peavy was used by the State as a witness. He was indicted for making one of the sales, that is, one of the identical sales relied upon by the State in this case. This required a charge on accomplice testimony. Irvin v. State, 1 Texas Crim. App., 301; Hunnicutt v. State, 18 Texas Crim. App., 498; Anderson v. State, 20 Texas Crim. App., 312; Crowell v. State, 24 Texas Crim. App., 404; Hamilton v. State, 26 Texas Crim. App., 206; Hines v. State, 27 Texas Crim. App., 104; Wicks v. State, 28 Texas Crim. App., 448; Parr v. State, 36 Texas Crim. Rep., 493; Williams v. State, 42 Texas Crim. Rep., 602.

And this is held to be the law by the Supreme Court and this court in all its decisions, even where the party has had the case dismissed against him. Here the witness Peavy swears positively that he is indicted for the sale of the same bottle of whisky, or one of the bottles of whisky for which the defendant is here prosecuted. Under this state of facts it was the duty of the trial court to submit to the jury a charge on accomplice testimony.

3. In order to meet as best they could the defect in the court's charge with reference to charging the law of the case, appellant submitted the following charge, which was refused by the court: "Before you can convict the defendant in this case, you must believe from the testimony beyond a reasonable doubt, that the defendant made as many as two sales of intoxicating liquors in justice precinct No. 2 of Cass County, Texas, as charged in the bill of indictment in this case, and you must further believe beyond a reasonable doubt from the testimony in this case, that at the time said two sales of said intoxicating liquors were made, if made, by the defendant that he was engaged in pursuing the occupation or business of selling intoxicating liquors in said justice precinct No. 2 of Cass County, Texas." As before stated, two facts must appear from the testimony in order to authorize a conviction under the statute in question for pursuing the occupation or business of selling intoxicating liquors in local option territory. The court's charge did not sufficiently present this, and his attention was called to it in the special charge requested, which was refused. It was error in the first place on the part of the court in giving the charge he did, and it was further error in refusing the requested instructions.

4. The court charged the jury as follows: "If you believe from the evidence beyond a reasonable doubt, that Ambrose Williamson sold intoxicating liquor to Sam Black and that Black paid him for it, and that Williamson had several bottles of whisky in a sack off at some distance and that Williamson did not deliver said whisky to said Black, and that defendant knew that the sale had been made went to the place where the whisky was and delivered a bottle of whisky to Sam Black, and in doing this he acted together with said Williamson in making said sale, then this would be a sale of intoxicating liquor made by defendant to said Sam Black." Exception was reserved to this charge and is urged as error here. This might or might not constitute them principals in the sale of the whisky to Black. If appellant was interested in the sale and assisted Williamson in making the sale, this might constitute him a principal, but appellant was charged with following the business or pursuing the occupation of selling intoxicants. One sale would not make appellant guilty under the law, nor would it make Williamson guilty under the statute. This distinction was not drawn by the court anywhere in his charge. But the more serious proposition is raised by the testimony and the charge as given in this: The State's case shows that appellant was

not present when Williamson sold the whisky to Black, if in fact he did sell it to Black, and knew nothing of the sale. Black testified that after he bought the whisky and paid for it, Williamson told him that if he would go to where appellant was appellant would turn him over the whisky. Black went some distance off—several hundred yards—to where appellant was and told him that Williamson told him to turn over to him a bottle of whisky, and that Williamson either handed him the bottle or told him to get the bottle, which he did. This phase of the law was not given in the charge to the jury. In order to constitute appellant a particeps criminis he must have known that Williamson sold the whisky and he assisted him in the sale. It is not shown in this connection that appellant was notified -by Black at any time or by anyone else that Williamson had sold Black any whisky. Black did not inform appellant of that fact, but simply told him that Williamson told him to let him have a bottle of whisky. This did not necessarily convey to appellant's mind that Williamson had sold Black a bottle of whisky, nor did Black inform him that there had been a sale. This charge assumes a most material fact against appellant, to wit, that Williamson had sold the whisky to Black and that appellant knew it and was delivering the goods. Again, it does not, under this state of fact, even if Williamson had sold the whisky to Black, and appellant either handed Black the whisky or told him where he could get it, constitute him a violator of the law. He must be in some way instrumental in bringing about the sale of the whisky. It was Williamson's whisky, and if he had sold the whisky to Black, and appellant, under the statement of Black, had pointed it out to him, or handed it to him, this would not necessarily constitute him the seller; there must be something more than that. The sale had already been consummated, and the money had been paid Williamson by Black under Black's testimony. Again, inasmuch as this charge had been given, the court should have instructed the jury the converse of the proposition to. the effect that unless appellant was aiding in the sale in any way he would not be guilty.

5. It is contended the evidence is not sufficient to support the conviction. We are of opinion this contention is correct. Taking the State's evidence in its strongest possible light, Williamson and appellant, and the other parties mentioned were together at some sort of gathering on the 18th of June, and Williamson had three or four bottles of whisky. Williamson sold two of these bottles of whisky, one to Black and another to Black, Matney and Russell. These two sales occurred, if at all, in the manner indicated and during the same day. There is no evidence that Williamson was pursuing the business of selling intoxicating liquors. These were sporadic sales, and the evidence does not show that he was engaged in the business of selling liquor otherwise than the two sales mentioned. There is no claim that appellant had any interest in the whisky; in fact the evidence

excludes the idea that he had any interest in the whisky. Under the statute and under the decisions construing the statute there must be evidence that the party pursued the business or followed the occupation of selling intoxicating liquors; not necessarily that it is his main business, but the evidence must show in some way that he was pursuing this particular business or following this particular occupation. The fact that he only made two sales in the manner indicated would not justify a conviction against Williamson, much less against appellant who had no interest in the whisky or the sales.

The judgment is reversed and the cause is remanded.

*Reversed and remanded.*