JIM FLOYD v. THE STATE.

No. 1765. Decided May 8, 1912.

1.—Occupation—Selling Liquor—Indictment.

Where the indictment charged that the defendant engaged in the occupation of selling spirituous, vinous, and malt liquors instead of alleging that he followed the business of selling intoxicating liquors in local option territory, the same was insufficient.

2.—Same—Charge of Court—Occupation.

Where the court, in his charge, nowhere gave the jury any definition of what it takes to constitute engaging in or pursuing the business of selling intoxicating liquors in local option territory, but in effect charged them that if two sales were made, that his would be sufficient to constitute engaging in the business, the same was reversible error.

3.—Same—Insufficiency of the Evidence.

Where upon trial of following the occupation of selling intoxicating liquors in local option territory, the testimony was insufficient to sustain the conviction, the judgment must be reversed and the cause remanded.

Appeal from the District Court of Madison. Tried below before the Hon. S. W. Dean.

Appeal from a conviction of pursuing the occupation of selling intoxicating liquors in local option territory; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was charged with and

convicted of engaging in and pursuing the occupation of selling spirit-uous, vinous and malt liquors.

The indictment is attacked because it does not allege that he en-gaged in the business of selling intoxicating liquors. The statute provides that in local option territory if anyone shall engage in the business or follow the occupation of selling intoxicating liquors in such territory except as permitted by law, he shall be punished. We do not believe this indictment is sufficient. Spirituous, vinous and malt liquors may or may not be intoxicating. The statute requires that in order to constitute a party guilty he must engage in selling intoxicating liquors. In framing indictments the language of the statute should be followed, and if departed from, words of equal or greater import must be used than those employed in the statute. We call attention to this matter to the end that pleadings of this sort should not be indulged. The pleadings should set out the offense as denounced by the statute. This is noticed in passing. The case must be reversed upon other questions, and we call attention to this loose manner of pleading so that it may be avoided and the statute fol-lowed.

After quoting the statute the court further instructed the jury: "In order to constitute the engaging in or pursuing of the occupation of selling intoxicating liquors within the meaning of this Act, it is necessary for the State to prove in all prosecutions hereunder that the defendant made at least two sales of intoxicating liquor within three years next preceding the filing of the indictment and after July 15, 1909, the date on which the Act took effect."

Applying the law to the case, the court charged the jury: "Now, bearing in mind the foregoing instructions, if you believe from the evidence beyond a reasonable doubt that the defendant, Jim Floyd, on or about October 19, 1909, did sell to Vade Hines intoxicating liquors, and on or about October 15, 1909, did sell to Jeff Lambert intoxicating liquors; that each and both of said sales were made in Madison County, Texas, and between July 15, 1909, and the date of the filing of the indictment herein, and if you believe from the evidence beyond a reasonable doubt that the qualified voters of Madi-son County had held an election within and for said county, at some date prior thereto after an order made and entered by the Commis-sioners Court for such an election," etc. The court nowhere gives the jury any definition of what it takes to constitute engaging in or pur-suing the business of selling intoxicating liquors, but in effect, if not in fact, instructed the jury if the two sales were made that this would be sufficient to constitute engaging in the business. While the charge does not expressly so state, yet it does instruct the jury if these two sales were made after the local option election had been held, then appellant would be guilty under this indictment. This is clearly erroneous. We have decided whenever the question has come before us that two things must concur: first, that the party must be engaged

in the business of selling intoxicating liquors, and, second, in addition thereto, there must be at least two sales made. We deem it unnecessary to go into a discussion of the questions involved. We have had the matter before us several times, the latest case being Thomas v. State, decided May 1, 1912.

We are further of opinion the evidence is not sufficient. One of the witnesses sufficiently indicates a sale made by appellant, but the second witness, in our judgment, does not. He says three times he applied to the appellant for whisky on account of sickness. Appellant three times refused to let him have any, or in other words finally told him he had ordered some and if it came he would let him have a bottle. It came before witness left town and appellant let him have a bottle, but refused to take money for it, but told witness he would give it to him. There was no further attempt to show appellant engaged in the business. Under this state of facts we do not believe this conviction should have been obtained. Thomas v. State, supra.

The judgment is reversed and the cause is remanded.

*Reversed and remanded.*