## W. W. MOLTHROP v. THE STATE.

### No. 1806. Decided May 22, 1912.

**1.—Occupation—Intoxicating Liquors—Local Option—Charge of Court.**

Where, upon trial of pursuing the occupation of selling intoxicating liquors in local option territory, the charge of the court authorized a conviction simply upon the proposition that defendant had made two sales of whisky without submitting the question as to whether he was engaged in the occupation, the same was reversible error.

**2.—Same—Insufficiency of the Evidence.**

See opinion holding that the facts in evidence are insufficient to sustain a conviction.

Appeal from the District Court of Lubbock. Tried below before the Hon. W. R. Spencer.

Appeal from a conviction of unlawfully pursuing the occupation of selling intoxicating liquors in local option territory; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Reeder & Dooley,* for appellant.—On question of court's charge: Fitch v. State, 58 Texas Crim. Rep., 366, 127 S. W. Rep., 1040; Mizell v. State, 59 Texas Crim. Rep., 226, 128 S. W. Rep., 125.

On insufficiency of the evidence: Byrd v. State, 53 Texas Crim. Rep., 507, 114 S. W. Rep., 135, 17 Am. & Eng. Cyc. of Law, p. 684; 23 Cyc. 267.

*C. E. Lane,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of unlawfully engaging in and pursuing the occupation and business of selling intoxicating liquors in violation of the local option law, etc.

Several questions are suggested for revision. Among others, it was urged in the court below and is urged here as error, that the court

erred in charging the jury if they found from the evidence defendant had made two sales of intoxicating liquors as charged in the indictment they would find him guilty. The reasons urged below and here are several in number, which we deem unnecessary to recapitulate. The portion of the court's charge which is criticised is as follows:

"You are charged that if you believe from the evidence beyond a reasonable doubt that the defendant, W. W. Molthrop, did in Luddock County, Texas, between the 15th day of July, A. D., 1910, the date of the adoption of local option in Lubbock County, Texas, and the 15th day of November, 1911, the date of the filing of the indictment in this cause make two sales of intoxicating liquors as charged in the indictment, you will find the defendant guilty as charged in the indictment and assess his punishment at confinement in the State penitentiary for any period of time not less than two nor more than five years, and if you do not so believe, you will acquit the defendant, and say by your verdict not guilty."

There is another section of the charge which has some application to the question, which is as follows:

"You are further instructed that in order to constitute the engaging in or pursuing the occupation or business of selling intoxicating liquors within the meaning of the law, it shall be necessary for the State to prove in all prosecutions under this law that the defendant made at least two sales of intoxicating liquors in Lubbock County, Texas, prior to November 15, 1911, the date of the filing of the indictment in this cause and subsequent to the 15th day of July, 1910, the date when the local option law went into effect in Lubbock County."

These charges are clearly erroneous and authorize the conviction upon a state of facts in no way conformable to the statute under which appellant was indicted. We have several times recently reversed judgments on charges even more nearly conformable to the statute than the charges above quoted. We wish to emphasize again that it is necessary for two things to concur before a party can be guilty of violating the statute under which this indictment was framed: First, the party must pursue the business and follow the avocation of selling intoxicating liquors in the prohibited territory, except as permitted by law, and, second, that he must, in addition to following or pursuing the business, make at least two sales within the time specified in the statute. This charge authorizes a conviction of appellant simply upon the proposition that he made two sales of whisky. This does not constitute pursuing the business. There must be something else to show that appellant was engaged in the business of selling. Again, we would call attention to the fact that unless the State can secure more evidence upon another trial than is evidenced by the statement of facts before us, this prosecution should not be entertained. The State proved by Penny that he bought one bottle of whisky from appellant and paid him for it on the 15th of June, 1911; that he did not know exactly where it was, but it was on the train somewhere in Lubbock County between Slaton and

Lubbock. Penny is one of the alleged purchasers. Stonefield was the other purchaser. Flynn, the sheriff, testified he saw defendant Molthrop sell a bottle of whisky to Stonefield; that he saw Stonefield give appellant a dollar. Stonefield did not testify in the case, but evidence was introduced, apparently without objection from either side, that Stonefield told other parties that he did not buy any whisky from appellant on the day in question. Moore testified that he did not see appellant sell any whisky to anyone on that day; that he never did see appellant sell any whisky, but knew he had refused to sell whisky to people. Another witness testified that on that occasion he looked in the defendant's grip and there was no whisky in it; that he saw some shirts, collars and handkerchiefs about like a man would carry when he desired to have a change of clothing in traveling. Vickers, the district attorney, testified in regard to Stonefield's statement before the grand jury when they were investigating these matters against appellant. He said that Stonefield, in reply to questions by some member of the grand jury, stated that he had ho recollection of having bought any whisky from Molthrop at Slaton on the 15th of June, 1911. He further stated, after closer examination, that he had been drinking considerable that day; that he left Amarillo half drunk and on the way from Lubbock to Slaton he was very much under the influence of intoxicating liquor. The district attorney says witness further stated that appellant gave him something to drink after he got to Slaton, and that he was in such a state that it is possible that he could have bought whisky from Molthrop and not know it. That when he left Amarillo that morning, as was his usual custom, he only carried 75 cents with him, which he regarded as a sufficient amount to pay for three meals while he was away from his home; he was positive he only had 75 cents in his pocket when he left home. Vickers stated further that witness would not swear that he did not buy any whisky from Molthrop, but if he did buy any from him, he had no recollection of it; that he was very much intoxicated, and would not swear positively that he did not buy whisky from appellant, but to the best of his recollection he did not make any such purchase. This is the substance of the testimony.

The judgment is reversed and the cause is remanded.

*Reversed and remanded.*