## LOUIS REESE v. THE STATE.

### No. 4588.  Decided October 17, 1917.

**Occupation—Intoxicating Liquors—Insufficiency of Evidence.**

Where, upon trial of pursuing the occupation of selling intoxicating liquors in local option territory, the evidence showed two isolated sales at different times to different persons and one sale seriously controverted, but failed to show that defendant was engaged in the business or occupation of selling intoxicants, the conviction could not be sustained. Following Oliver v. State, 152 S. W. Rep., 1066, and other cases. Prendergast, Judge, dissenting.

Appeal from the District Court of Camp.  Tried below before the Hon. J. A. Ward.

Appeal from a conviction of pursuing the occupation of selling intoxicating liquors in local option territory; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Bass & Engledow,* for appellant.—On question of insufficiency of the evidence: Thomas v. State, 65 Texas Crim. Rep., 537, 147 S. W. Rep., 262, and cases cited in the opinion.

*E. B. Hendricks,* Assistant Attorney General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted for pursuing the business of selling intoxicants in local option territory, his punishment being assessed at two years confinement in the penitentiary.

The indictment charges three sales during the month of January. Two of these sales were proved; the other was seriously contested. These were made to different parties at different times. Such is the evidence for the State. The only evidence as we understand this record, showing, or tending to show, the following of the business of selling intoxicating liquor, outside of the three sales, is found in the testimony of Davenport, who said he came with appellant in his wagon from the little town of Newsome, who had about a gallon of whisky which circumstances indicated he had gotten at the depot and was carrying home. He discovered it was whisky by reason of the fact that appellant opened the case that contained the whisky and took out one of the bottles, opened it and they took a drink. This whisky was seen in the wagon shortly before the sales indicated by the State's evidence. We are of opinion that this is not sufficient testimony to show that appellant was engaged in the business of selling intoxicants. There is no fact, or set of facts, as we understand the record, which shows that he had whisky at any other time or place, or undertook to sell any, or was in possession of any other than as indicated. We are of opinion this case is brought within the rule laid down in the cases of Thomas v. State, 65 Texas Crim. Rep., 537, 147 S. W. Rep., 262; Floyd v. State, 66 Texas Crim. Rep., 407, 147 S. W. Rep., 264; Whitehead v. State, 66

Texas Crim. Rep., 482, 147 S. W. Rep., 583; Molthorp v. State, 66 Texas Crim. Rep., 543, 147 S. W. Rep., 1159; Oliver v. State, 69 Texas Crim. Rep., 263, 152 S. W. Rep., 1066.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

PRENDERGAST, JUDGE (dissenting).—The proof of appellant's guilt was clear, brief and uncontradicted. It showed that on Saturday evening appellant got a case of whisky, it seems by express, at the town of Newsome and took it home in the witness Davenport's wagon. Appellant opened one bottle and he gave Davenport a drink at the time. Davenport swore he went to appellant's house next morning, Sunday, and "borrowed" a quart of whisky from him. This "borrowing" has uniformly, and in a great many cases, been held by this court to be a *sale* under our law. See 1 Branch's Ann. P. C., p. 704, where he collates some twelve or fifteen cases so holding. There are many others. The Oliver case cited by Judge Davidson in this case so holds. Davenport further swore that when he "borrowed" this quart, neither of the negro boys, Willie or Arthur Johnson, were there, and he did not pay appellant the money for the whisky at the time. Both these negro boys swore they were at appellant's that Sunday morning and saw said Davenport buy some whisky from appellant and saw him at the time pay the money therefor. So that appellant made two distinct sales of whisky that day to Davenport—one sale and one loan—or at least one sale in any event.

Clifford Spencer an eighteen-year-old negro, on the same day, Sunday, went for some whisky. He went to John Hashaway's and found appellant there. Appellant told Clifford he had none there with him, but could get some. Clifford paid him then for a quart. He went to his home, got the whisky, took it back to John's put it on the gate post and waited near and in sight for Clifford to come and get it. While he went for the whisky, Clifford went off from John's to wait for it. Clifford soon appeared, got the whisky off of the gate post and hastily rode away. This made two, if not three, sales by appellant on the same day, Sunday, just the next day after he got the case of whisky, and this latter sale to a minor.

W. H. Lane swore he bought a pint of whisky from him the next day, Monday. They tried to cover up or muddle this sale in this way: Lane, his nephew, Oliver Bailey, and appellant were together at a schoolhouse. Appellant had a pint of the whisky with him in his pocket. Lane wanted to buy it; he handed Bailey $1; Bailey handed appellant the $1, and appellant then handed the whisky to Lane.

This was three, if not four, sales by appellant within two days after he received this shipment of this case of whisky—pretty lively business for a bootlegger in so short a time. Of course it is not known how many other sales he made about this time out of this case of whisky, nor how soon he would get another stock of whisky. Business was so

active with him out of this one case, doubtless he would have quickly gotten more stock and continued his business if he had not been caught by the State and his lively business thereby interfered with.

It has never before been held that in order for a bootlegger to engage in the business of selling liquor he must provide or keep in store a large stock of liquor. He can start his business on one case of whisky as well or better than on a dozen cases, or a barrel, or more. In fact, he can cover up—hide—his business and prevent detection much easier on a small, than a large, quantity. And that is what they always do in starting that business, and even after being engaged in it for some time. The evidence excludes the idea that appellant got this case of whisky for any other purpose than to sell it out—engage in the business of selling it. The only time he is shown to have done anything with it, except sell it out, was that when he first put it in Davenport's wagon he took a bottle out of the case and gave Davenport a drink—advertising the fact he had the whisky. This ad was quite effective, for Davenport the next day bought once if not twice from him, and Spencer once, and the next day Lane bought, and no telling how many others bought from him.

The law in no way requires the State to prove that an accused shall engage in the business for a year, a month, or a week, before he is guilty of engaging in the business. One day is ample time. It is frequently the case that at barbecues, picnics and such like gatherings, for one day, or even only part of a day, persons engage in various businesses thereat selling cold drinks, nuts, fruits, etc., for only that length of time. Yet there is, and can be no question but that for that length of time they engage in such businesses.

In Stokeley v. State, 37 Texas Crim. Rep., 638, this court in a unanimous opinion delivered by Judge Hurt held that Stokeley was guilty of keeping a disorderly house in his own residence when only one prostitute stayed therein at night for but a few hours, and plied her business of prostitution therein for only that short time.

This case is by analogy much stronger than that case.

Under the law and facts this case should unquestionably have been affirmed.