## Bud Young v. The State.

### No. 4643.   Decided October 24, 1917.

**1.—Local Option—Statutes Construed—Different Offenses.**

Article 597, Penal Code, makes it an offense to sell intoxicating liquors in prohibited territory, and article 589 makes it an offense to pursue the business of making such sales, and the two offenses are separate and distinct. Following Fitch v. State, 58 Texas Crim. Rep., 366, and other cases.

**2.—Same—Insufficiency of the Evidence—Occupation Must Be Proved.**

Where, upon trial of pursuing the occupation of selling intoxicating liquors in prohibition territory, the indictment alleged two separate sales to two different parties on two different times, and only one sale was proved the conviction could not be sustained. Not only are at least two sales as alleged necessary to be proved but there must be additional evidence that the defendant was engaged in the business or occupation of making sales of intoxicating liquors in prohibition territory. Following Mizell v. State, 59 Texas Crim. Rep., 226, and other cases.

**3.—Same—Rule Stated—Occupation—Offense Defined.**

The extent of the proof to authorize a conviction must show that defendant was engaged in the business as alleged, although this is not defined by law, and it need not. be his principal business or occupation, but two or three isolated sales will not alone be sufficient to establish his guilt. Following Whitehead v. State, 66 Texas Crim. Rep., 482, 147 S. W. Rep., 583, and other cases.

**4.—Same—Rule Stated—Statutes Construed.**

A reversal often becomes necessary where the evidence is sufficient to support a conviction under article 597, Penal Code, prohibiting the sale of intoxicating liquors, etc., but not sufficient to show the pursuit of the business under article 589, Penal Code, and where the prosecution is under the latter section, and this distinction should be observed by prosecuting officers.

Appeal from the District Court of Grayson.   Tried below before the Hon. C. T. Freeman.

Appeal from a conviction of pursuing the occupation of selling intoxicating liquors in prohibition territory; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*B. F. Gafford,* for appellant.

*E. B. Hendricks,* Assistant Attorney General, for the State.

MORROW, Judge.—The conviction was under a prosecution for violation of article 589 of the Penal Code, making it unlawful to engage in or pursue the occupation or business of selling intoxicating liquors where its sale has been prohibited by law.

The indictment, following the provisions of article 591 of the Penal Code, charged that pursuant to the conduct of the alleged unlawful business, two sales had been made by appellant: one on December 25, 1916, to Joe Hardwick, and one on January 26, 1917, to John Wyre. Wyre testified to the purchase of three bottles of whisky from appellant on January 26, 1917, declaring that there were three separate transactions occurring in a period of about two hours, at each of which transactions he purchased from appellant a bottle of whisky. Hardwick testified that on December 25, 1916, he purchased a bottle of whisky from a negro who gave his name as Bud Young  He declared, however, that the negro from whom he made the purchase was not the defendant.    There was an absence of evidence showing the pursuit of the business other than that detailed above.

Article 597 of the Penal Code makes it an offense to sell intoxicating liquors in prohibited territory.    Article 589 makes it an offense to pursue the business of making such sales.    These statutes condemn and define separate and distinct offenses:    Fitch v. State, 58 Texas Crim. Rep., 366; Gearhart v. State, 81 Texas Crim. Rep., 540, 197 S. W. Rep., 187.    Under article 597 proof of one isolated sale of intoxicating liquor in prohibited territory will sustain a conviction.

Under article 589 there must be allegation and proof of at least two sales of intoxicating liquor to the parties to whom the indictment charges the sales to have been made, and in addition to such proof, there must be evidence, circumstantial or otherwise, which would in conjunction with the two sales authorize the jury to conclude not only that the accused had, on two separate occasions, made sales of intoxicating liquor, but that he was engaged in the business or occupation of making sales of intoxicating liquor in prohibited territory.    Mizell v. State, 59 Texas Crim. Rep., 227; Rhodes v. State, 172 S. W. Rep., 253; Chapa v. State, 60 Texas Crim. Rep., 365; Whitehead v. State, 66 Texas Crim. Rep., 482, 147 S. W. Rep., 583.    The extent of the proof to authorize a finding that appellant was engaged in the business or occupation mentioned is not defined by law.    It need not be his principal business or occupation:    Creech v. State, 70 Texas Crim. Rep., 229; but two or three isolated sales will not alone be sufficient to establish the fact:    Whitehead v. State, supra; Brice v. State, 179 S. W. Rep., 1178; Thomas v. State, 66 Texas Crim. Rep., 374, 147 S. W. Rep., 262; Floyd v. State, 66 Texas Crim. Rep., 407, 147 S. W. Rep., 264; Oliver v. State, 68 Texas Crim. Rep., 414, 152 S. W. Rep., 1066.    The distinction between the two offenses and the evidence requisite to support a conviction in the respective instances has been often defined in the decisions of this court:    Branch's Ann. P. C., p. 680, and cases cited.    Reference is again made to them for the reason that the distinction is often not respected in the cases that are appealed to this court.    A reversal often becomes necessary where the evidence is sufficient to support conviction under article 597 prohibiting the sale of intoxicating liquor in prohibited territory, but not sufficient to show the pursuit of the business

under article 589, supra, and where prosecution is under the latter section.

The instant case is an illustration. There is evidence of three isolated sales but not accompanied by other facts which, aided by the proof of the isolated sales, would authorize a finding against the appellant under the charge of pursuing the business of selling intoxicating liquors.

For this reason a reversal must be ordered.

*Reversed and remanded.*