FRANKIE ELAM v. THE STATE.

No. 5772.   Decided April 7, 1920.

1.—Occupation—Intoxicating Liquors—Election—Indictment.

Where, the indictment alleged that local option was put into effect in the county of the prosecution by an election held in 1903, and that thereafter, in 1919. defendant followed the business of selling intoxicating liquors in that county, it was immaterial that another election was held in 1906, as they both resulted favorably to local option. Following Massie v. State, 52 Texas Crim. Rep., 550, and other cases, overruling Byrd v. State, 51 Texas Crim. Rep., 539.

2.—Same—Insufficiency of the Evidence—Unknown Purchasers—Indictment—Proof.

Where, the indictment alleged that defendant pursued the business of selling intoxicating liquors in local option territory, naming the persons to whom he made the sale, and that he made other and different sales to per-

sons to the grand jurors unknown, and the court instructed the jury that they could find defendant guilty if she made more than two sales to parties unknown, the same was reversible error, as a conviction cannot be had under this character of indictment unless the sales be shown to the parties named in the indictment. Following Fisher v. State, 81 Texas Crim. Rep., 568, and other cases.

### 3.—Same—Insufficiency of the Evidence.

Where, upon trial of pursuing the occupation of selling intoxicating liquors in local option territory, the evidence was insufficient to sustain the same, the same was reversible error. Following Gearhart v. State, 81 Texas Crim. Rep., 540, and other cases.

Appeal from the District Court of Kaufman. Tried below before the Honorable Joel R. Bond.

Appeal from the conviction of pursuing the occupation of selling intoxicating liquors in local option territory; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Thos. R. Bond* and *S. J. Osborne,* for the appellant.—Cited: Byrd v. State, 103 S. W. Rep., 863; Reese v. State, 199 S. W. Rep., 469, and cases cited in the opinion.

*Alvin M. Owsley,* Assistant Attorney General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted for pursuing the occupation of selling intoxicating liquors in prohibition territory.

The indictment alleges that local option was put into effect in Kaufman County by an election held in 1903, and that thereafter, in 1919, appellant followed the business of selling intoxicants in that county. It is also an admitted fact that another local option election was held in that county in 1906. Appellant's contention is that the election of 1906 supplanted and took the place of the election of 1903, and that the indictment should have so averred. Appellant relied upon the case of Byrd v. State, 51 Texas Crim. Rep., 539. That case supports his proposition, but the Byrd case was overruled in Massie v. State, 52 Texas Crim. Rep., 550, and in quite a number of cases subsequently written. See Wade v. State, 53 Texas Crim. Rep., 186; Wade v. State, 53 Texas Crim. Rep., 300; Johnson v. State, 53 Texas Crim. Rep., 340; Wade v. State, 52 Texas Crim. Rep., 610. Those cases hold that it is immaterial which election, whether that of 1903 or 1906, is alleged and relied upon by the State in cases of this character. They both resulted favorably to local option.

The indictment alleges that appellant pursued the business and in doing so made two sales of intoxicating liquors to Frank McCormack and two sales to Raymond Robinson, one on the 1st of June, 1919,

and the other on the 1st of July, 1919, and that he made other and different sales to persons to the grand jurors unknown. The evidence discloses that Frank McCormack went to appellant's residence on two different occasions, and each time obtained a pint of whiskey. In the first sale when he called for the whiskey she got the whiskey and delivered it to him, but he paid Rufus Hall who was present. His second purchase occurred about as follows: He went to the house about two weeks after the first sale and called for a pint of whiskey. Appellant was taking a bath and called a negro woman named Helen Gladney, who got the whiskey and gave it to McCormack. The evidence fails to show a sale to Raymond Robinson. He testified he went to appellant's place to get whiskey, but before it was delivered and while he was at the house appellant was arrested as was, it seems, Helen Gladney and Rufus Hall. These constituted the sales proved with reference to the parties whose names are alleged in the indictment as purchasers. Helen Gladney testified that there had been sales to other parties whose names she did not know, but if she saw the parties would recognize them. Under her evidence she would be a principal in the transaction in that she assisted, and aided appellant though she had no interest it seems in the whiskey or the proceeds of sale. The testimony indicates that appellant did not own the whiskey, had no interest in it, but that it belonged to Rufus Hall.

The court in Section 2 of his charge informed the jury that it was necessary for the State to prove beyond a reasonable doubt that during the months of January, February, March, April, May, June, July, August and September, 1919, and before the presentment of the indictment, the defendant engaged in or pursued the occupation or business of selling intoxicating liquors, and that it would also be necessary to prove that while so engaged she made at least as many as two or more sales of intoxicating liquors during the time mentioned. Applying the law to the case he instructed the jury that if between the first day of January and the thirtieth day of September, 1919, appellant engaged in or pursued the occupation of selling intoxicating liquors, and if they should further believe that defendant while so engaged upon the dates above mentioned made as many as two distinct sales of intoxicating liquors to Frank McCormack, or if they should find beyond a reasonable doubt that appellant while so engaged made as many as two distinct sales of intoxicating liquors to persons unknown, or if they should find that appellant sold liquors to Frank McCormack and Raymond Robinson, they would find him guilty. Exception was reserved to these charges, and also to subdivision No. 6 of the charge. It will be observed from these charges that the court authorized the jury to find appellant guilty if she made more than two sales to unknown parties. There are other exceptions to the charge, but this is fatal to the conviction under the authorities. A conviction cannot be had under this character of indictment unless the sales be shown to the parties named. The fact cannot be re-

lied upon for conviction that sales were made to other parties not named in the indictment. If it was thought necessary to rely upon other sales, their names should be specifically alleged, or if not known that fact should be alleged. It should be shown upon the trial that the grand jury used legal diligence to ascertain the names of the unknown parties. This was not done. The appellant not only excepted to these phases of the charge, but asked special instructions which were refused. For this reason this judgment must be reversed. That the court was in error in submitting for conviction sales to unknown parties see Fisher v. State, 81 Texas Crim. Rep., 573; Rhodes v. State, 75 Texas Crim. Rep., 659; Young v. State, 81 Texas Crim. Rep., 656; Reese v. State, 82 Texas Crim. Rep., 447.

It is contended the evidence is not sufficient. Had appellant been charged with violating the Local Option Law the evidence would have been sufficient to show two sales to McCormack. There was no sale to Raymond Robinson as testified by himself. He went to purchase the whiskey but did not obtain it. This evidence is not sufficient to show that appellant was pursuing the business of selling intoxicants. It seems that under the testimony she had no interest in the whiskey, but it belonged to Rufus Hall, who lived in her house as did the witness Helen Gladney. Rufus Hall did not testify, having been arrested, charged with the same offense. Helen Gladney did testify, but she was also charged with a violation of the law and is an accomplice. Her testimony is the only evidence that refers to sales to unknown parties. She is not corroborated in regard to such sales. This leaves the case with two sales about two weeks apart made to the witness McCormack. Under quite a number of decisions this evidence would not be sufficient to constitute the business of selling intoxicants. See Gearhart v. State, 81 Texas Crim. Rep., 540; Young v. State, 81 Texas Crim. Rep., 656; Fisher v. State, 81 Texas Crim. Rep., 568; Reese v. State, 82 Texas Crim. Rep., 447.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*